### SMITH et al. v. WAYMAN et al.
### No. 12030.

Court of Civil Appeals of Texas. Galveston.
Dec. 16, 1948.

Rehearing Denied Jan. 27, 1949.

838

Walter B. Morgan, of Crockett (Adams & Morgan, of Crockett, of counsel), for appellants.

J. G. Beasley, Jr., of Crockett, Vinson, Elkins, Weems & Francis and C. M. Hightower, all of Houston, and Wayman, Dibrell & Greer, of Galveston, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellants, Frank Smith et al. in statutory form of trespass to try title for the recovery from appellees, Jas. W. Wayman et al. of two tracts of, respectively, 220.8 and 36.3 acres of land out of the John Durst Survey in Houston County, Texas.

In a trial before the court, judgment was rendered that appellants take nothing by their suit.

The material facts in the case are undisputed. Appellants claim title to the land in controversy as the assignees of F. A. Smith and the heirs and legal representatives of J. H. Smith, the members of the co-partnership of Smith Brothers. Appellees answered by defensive pleas. They relied for recovery upon a regular chain of title by mesne conveyances from Smith Brothers into appellee, J. I. Currey, who held title in trust for Jas. W. Wayman and Leon Bromberg.

At the request of appellants, the trial court prepared and caused to be filed his findings of fact and conclusions of law, in which he found in substance—with other undisputed facts—that on October 25, 1930, F. A. Smith and J. H. Smith, composing the partnership of Smith Brothers, had entered into a trust agreement for the purposes stated in the agreement. That J. H. Smith had died on December 20, 1930, leaving a will which was duly probated, in which his wife, Alice Smith, was named executrix. That appellants Mary Frank Smith, A. H. Smith, and Alice Olivia Smith are the surviving heirs of J. H. Smith, and are entitled to any estate left by him, subject to the payment of his debts. That F. A. Smith conveyed his interest in said two tracts of land to his son, appellant Frank Smith, and that the two tracts of land in controversy were part of the assets of Smith Brothers at the time of the death of J. H. Smith. The court found that the title to said two tracts of land with other assets of the partnership estate vested in and were taken under control by the trustees named in the trust agreement, and that said land was held and managed by the trustees until the control thereof was vested in the receivers appointed by the district court of Houston County, in the case of Moody Cotton Company v. Trustees of Smith Brothers estate, who continued in possession and control of said

land until it was sold to Century Investment Company.

The court found that the trustees named in said trust agreement ceased to function as such after the appointment of said receivers, and that they surrendered the assets of the partnership to the receivers so appointed.

The court further found that said trust agreement was intended to become operative only if unrevoked at the time of the death of either partner. It was filed for record after the death of J. H. Smith.

The court found in substance as conclusions of law that said trust agreement vested title to the land sued for in the named trustees, and, that the titles to the land in controversy had passed by a legal chain of mesne conveyances into J. I. Currey, who held it in trust for appellees, Jas. A. Wayman and Leon Bromberg.

The controlling question presented in the appeal is whether the instrument designated as a trust agreement is a conveyance en praesanti which was entered into by the partners of Smith Brothers for the purpose of making a plan for the winding up of the affairs of the partnership at the death of one of the partners, or whether it is an instrument testamentary in character.

The instrument which will be designated as a "trust agreement" recites that the members of the partnership of Smith Brothers, being desirous of making a satisfactory plan for the management, control and settlement of the affairs of the partnership in case of the death of either of the partners, had executed the instrument to relieve the surviving partner of the responsibility and burden of the settlement of its outstanding obligations. It provided that, after the payment of the debts and obligations of the partnership, the residue of the trust estate should be delivered to the surviving partner and to the heirs and legal representatives of the deceased partner.

J. H. Smith made his will on the date of the execution of the trust agreement, in which he provided that his executrix should not come into possession of his share of the partnership property until after the administration of the trust under the terms of said agreement.

Gus S. Wortham, Reagan Houston, Wirt Davis, Arch Baker, and J. G. Beasley, who were named in said agreement as trustees, took over and managed the affairs of the partnership estate until the district court of Houston County appointed receivers of the partnership estate on the application of Moody Cotton Company. In that case Moody Cotton Company sued the trustees of Smith Brothers, alleging that it was a creditor of said estate; that the estate was indebted to the Cotton Company in the sum of $2,150,611.08, $1,200,000 of which was due and unpaid, and that part of said debt was secured by a factor's lien on certain cotton which had been sold and that the sum of $144,708.20 still remained due Moody Cotton Company.

The trustees of Smith Brothers, named in the trust agreement, conceded that the allegations in the petition for the appointment of receivers were true, and agreed to the appointment of the receivers, with authority to take over and administer the affairs of the estate under orders of the Court. Neither the heirs nor legal representatives of J. H. Smith or F. A. Smith, the surviving partner, were made parties to this suit.

In November, 1936, the receivers named in suit of Moody Cotton Co. v. Trustees of Smith Bros., filed an application in the district court of Houston County to sell the assets of the Smith Brothers estate to a corporation designated as Century Investment Company, the stock of which was owned by all of the creditors of the partnership estate in the proportion of the amount of their debts against the estate for the stated purpose of settling the partnership debts. This application was granted, and on November 21, 1936, the sale was confirmed by order of the court. The two tracts of land involved in this suit were included in the assets of the estate and were purchased by the Century Investment Company. On November 13, 1942, Century Investment Company conveyed said two tracts of land to J. I. Currey, who holds it as trustee for Jas. W. Wayman and Leon Bromberg.

Said trust agreement was not filed for record until after the death of J. H. Smith. It has never been filed for probate.

Appellants contend that the failure to file the trust agreement for record during the lifetime of J. H. Smith indicates that it was not intended to convey a present interest in the assets of the partnership estate, and that the instrument was therefore testamentary in character, and that, since it was never given legal effect as to the estate of the deceased partner by probate, it should not be given effect as to the other partner, and that, being testamentary, it was ineffective until it was probated. They contend that the trial court erred in permitting the instrument to be introduced in evidence over their objection that it had never been admitted to probate.

In the case of Brown v. Payne, 142 Tex. 102, 176 S.W.2d 306, 308, which involved the question as to whether the instrument under consideration was a will or a deed, the Supreme Court, quoting with approval from the opinion in the case of Turner et al. v. Montgomery et al., Tex.Com.App., 293 S.W. 815, said:

" 'Through all the rules governing construction of instruments, there runs the central thought of ascertaining the real intention of the parties. In the nature of such inquiry, there can be no fixed rule, for every case, in large measure, depends upon its own facts, context of instrument, and circumstances. Of course it is elementary, if there is no ambiguity, the construction of the written instrument is for the court, and moreover, even in those cases of ambiguous instruments, if the parol evidence is undisputed as to the circumstances, the construction is yet a question of law for the court.' * * *

"Justice Sharp in Hassell v. Frey, 131 Tex. 578, 117 S.W.2d 413, 415, speaking for the Court as Commissioner, stated that 'the primary rule governing the construction of wills is to ascertain the intention of the testator,' and that the intention, 'if possible,' should be gathered from the instrument itself."

The trust agreement under consideration in the instant case does not purport to convey an interest in the title to the partnership property to the trustees named in the instrument. Its language clearly indicates the authority conveyed by the instrument is restricted and that it only confers on the trustees named the right to manage and, if necessary, dispose of the partnership property for the purpose of paying and settling the outstanding debts and obligations of the partnership. It expressly provides that, after the payment of all the partnership debts, the residue of the property shall be delivered to the surviving partner and to the heirs and legal representatives of the deceased partner.

F. A. Smith, one of the two partners of Smith Brothers, who executed and acknowledged the trust agreement was living at the time of the trial of the case. The trust agreement was duly recorded in the deed records of Houston County, after the death of J. H. Smith.

Under the established law of this State, on the death of J. H. Smith, the surviving partner, F. A. Smith, had the legal right, as between himself and heirs and legal representatives of J. H. Smith, the deceased partner, to take possession of and sell the assets belonging to the partnership estate if a sale of the assets was necessary for the purpose of paying and discharging the liabilities of the firm and settling the partnership accounts.

It has been uniformly held that although the surviving partner alone cannot transfer a legal title to realty, a deed by him will nevertheless operate to transfer the equitable interest of the firm to the purchaser, who may then compel a conveyance from the heirs of the deceased partner. 32 Tex.Jur., p. 507, 40 Am.Jur., Partnership Section, 298, 299.

Under these facts the question then presented in the appeal is whether the fact of the execution of the trust agreement by the surviving partner and its record made it admissible as evidence of the plan entered into by the partners and of the action taken by the surviving partner in furtherance thereof.

While the Texas courts have not spoken upon the precise facts here involved, except by way of analogy so far as we have been able to ascertain, the question here

presented may, we think, be determined by the established principles of law.

It is undisputed that the trustees named in the agreement made on attempt to assign or convey the title to the two tracts of land involved in this suit. The chain of title under which appellees claim title to said land consists of decrees and orders of courts of competent jurisdiction in actions brought by creditors of the partnership of Smith Brothers, and, while F. A. Smith and the heirs and legal representatives of J. H. Smith were not made parties to the suit, the trustees named in said agreement, who were vested with authority to settle the partnership debts, were made parties to the suit and ostensibly agreed to the orders entered.

■ Under these facts, the trust agreement under consideration is, we think, admissible both as evidence of the plan formulated by the partnership of Smith Brothers for the settlement of the partnership affairs, and as evidence of the action of the surviving partner on whom the burden rested of holding and disposing of the assets of the partnership for the purpose of settling its outstanding obligations.

The question as to whether or not the instrument conveys a present interest in the partnership property, or whether it is testamentary in character, becomes, we think, immaterial, in the absence of a conveyance made by the trustees named therein of any interest acquired by them under the instrument.

Under appellants' points of error Nos. 4 to 7, inclusive, they contend that the trial court erred in holding that F. A. Smith and the heirs of J. H. Smith were not necessary parties to the suit of Moody Cotton Company v. Wortham et al. and that the heirs of Smith Brothers were bound by the various judgments and orders of the court in the case. This contention cannot, we think, be sustained. Appellees, over the objection of appellants, introduced in evidence the original petition in the case of Moody Cotton Co. v. Worth et al. and the orders appointing receivers and for confirmation of the sale of the assets of the partnership. It is undisputed that the appellees in this action did not interfere or in any way object to the proceedings involving the disposition of the partnership estate.

■ The courts of this State have uniformly held that where the purchaser of partnership realty from the surviving partner acts bona fide without any knowledge or notice of intent by the surviving partner to misapply the proceeds, such purchaser will be protected, although the surviving partner does, in fact, appropriate the money to his own use, leaving the debts unpaid. 40 Am.Jur., Partnership Section, 298.

■ In the instant case, the surviving partner in whom title to the partnership property was vested for the settlement of the partnership obligations had, by the execution of said trust agreement, provided a definite means for the disposition, management and control of the partnership assets, including the property involved in this suit. And, under these facts, the surviving partner and his vendee and the heirs and legal representatives of the deceased partner were, we think, not necessary parties to this action.

■ In the case of Ogden v. Syphrett, Tex.Civ.App., 236 S.W. 143, 145, error dism WOJ, this Court held "To the general rule that in litigation involving a trust estate both the trustee and the beneficiaries should be made parties, there are a number of exceptions, as where, by the terms of the trust, the power to litigate concerning it is expressly conferred upon the trustee, and further where, from the nature and extent of the authority given, that power will be presumed to have been intended."

In the instant case the trustees were expressly given the power to litigate. We have fully considered all points of error presented in appellants' brief. None of them in our opinion shows error in the record which requires a reversal of the judgment of the trial court.

It follows, the judgment will be affirmed.