AFFIRM; and Opinion Filed February 25, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-12-00131-CR

---

## CHARLES SCOTT PRUIETT, Appellant
## V.
## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Court**
**Rockwall County, Texas**
**Trial Court Cause No. CR10-0345**

---

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill and Murphy
Opinion by Justice O'Neill

A jury convicted appellant Charles Scott Pruiett of family violence assault causing bodily injury, and the trial court sentenced him to ninety days in jail, probated for eighteen months and a $1,000 fine. On appeal, he argues (1) the evidence is legally insufficient to support his conviction because based on a hypothetically correct jury charge containing an instruction on self-defense, no rational juror could have found the essential elements of the crime beyond a reasonable doubt; (2) the evidence is legally insufficient to support his conviction because the record shows he established necessity; and (3) the trial court erred by refusing a self-defense instruction. We affirm the trial court's judgment.

### Background

Appellant and Misty Craighead, appellant's wife at the time of the incident, had a history of arguing over financial issues. On November 25, 2009, Misty went to the store to purchase

food for the family's Thanksgiving meal and spent $250. When she returned home and appellant saw the grocery bill, he exploded in anger. He then took her credit and debit cards and shredded them.

After shredding the cards, appellant went to the master bedroom and started gathering some clothes. Misty followed and they continued to argue. Their three-year-old daughter, Emma, was also in the room. Appellant picked up Emma and when he tried to leave the room with her, Misty blocked the door. She testified she repeatedly told appellant to put Emma down because things were getting out of control. Appellant pushed Misty aside and went outside.

Appellant tried to leave in the couple's Durango parked in the garage, but Misty blocked the passenger side door where Emma's car seat was located. Appellant then went to the front of the house where his Jetta was parked. He put Emma in the front passenger side of the Jetta and then he got in the driver's seat. Misty, fearful of appellant driving off with Emma unrestrained in the front seat, climbed in the back seat. Appellant then started driving.

As appellant drove, Misty admitted she reached forward with her right hand to pull Emma back and then with her left arm, she tried to "pull the brake or pull something to get the car stopped." Appellant grabbed her hand and bent it back as hard as he could to get her to stop. Misty tried a second time to pull Emma back, and appellant grabbed her wrist again. Appellant let go of her and finally drove back to their home and let Misty and Emma out.[1]

Relatives at the home had already called police and informed Misty the police were on their way. Despite knowing the police were coming, appellant left. Misty told officers her version of events and denied needing any medical treatment. Appellant talked with police the following day. He was charged with a class A misdemeanor offense of assault/family violence.

---

[1] Misty testified appellant reached speeds of forty miles-per-hour and drove for some time; however, appellant claimed he never got above fifteen miles-per-hour and only drove past a few houses on their street.

Misty and appellant both testified at trial. Misty explained she was only trying to protect her daughter and diffuse a volatile situation, while appellant argued he had every right to take his daughter. He testified he grabbed Misty's wrist because he was not sure what she was going to do, but he was afraid she was going to cause a wreck or attack him. He also claimed he was trying to diffuse the situation.

Despite the jury being instructed on necessity, it found appellant guilty. This appeal followed.

## Self-Defense Instruction

In his third issue, appellant argues the trial court erred by failing to include a self-defense instruction. The State responds the issue is not preserved for review, and even if it was preserved, there was no error in failing to include a self-defense instruction because the evidence did not support it.

Appellant admits he did not object during trial to the omission of a self-defense instruction. He asserts he preserved error in his motion for new trial. Appellant's argument is without merit.

The purpose of the jury charge is to inform the jury of the applicable law and guide the jurors in applying the law to the facts of the case. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996) (en banc). A judge's duty to properly charge the jury exists even when defense counsel fails to object to inclusions or exclusions in the charge, and thus, the judge may be required to *sua sponte* instruct the jury on the law applicable to the case. *Taylor v. State*, 332 S.W.3d 483, 486 (Tex. Crim. App. 2011). However, a trial court has no duty to *sua sponte* instruct the jury on a defensive issue, even if raised by the evidence. *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998) (en banc). Where the trial court is not requested to include a defensive issue in the court's charge to the jury and omits the instruction, the defendant cannot

3

complain for the first time on appeal. *Id.*; *see also Jaynes v. State*, 216 S.W.2d 839, 853 (Tex. App.—Corpus Christi 2006, no pet.) (holding defendant waived issue of whether trial court should have instructed jury on mutual combat defense when he failed to object or request an instruction at trial).

The language of articles 36.14 and 36.19 further supports this conclusion. Article 36.14 provides that "before the charge is read to the jury," the defendant or his counsel shall have a reasonable time to examine the charge and present his objections in writing or in the presence of the court reporter. TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Article 36.19 states, "All objections to the charge and to the refusal of special charges shall be made at the time of the trial." TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006). Accordingly, appellant's objection raised in his motion for new trial was untimely and insufficient to preserve his issue for review. Because appellant waived his defensive issue, there is no error to which an *Almanza* harm analysis would apply. *Posey*, 966 S.W.2d at 61 (stating *Almanza* does not apply unless the appellate court first finds error in the jury charge). Appellant's third issue is overruled.

Having resolved appellant's third issue against him, we need not address his first issue in which he complains the evidence is legally insufficient, under a hypothetically correct jury charge including a self-defense instruction, to support his conviction. Appellant waived his self-defense claim; therefore, the "hypothetically correct jury charge" analysis is inapplicable under these facts because there was no charge error. Appellant's first issue is overruled.

## Necessity

In his second issue, appellant asserts the evidence is legally insufficient under the charge as given to support his conviction. The State responds the evidence is legally sufficient because appellant cannot avail himself of the necessity defense when he provoked the difficulty.

4

Moreover, the State contends appellant has failed to show his actions were immediately and reasonably necessary to avoid imminent harm.

In reviewing the sufficiency of the evidence, the court considers all the evidence in the light most favorable to the verdict and determines whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The trier of fact is the sole judge of the weight and credibility given to the witness testimony. *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

Section 9.02 of the penal code provides that it is a defense to prosecution that the conduct in question is justified. TEX. PENAL CODE ANN. § 9.02 (West 2011). To raise necessity, a defendant must admit he committed the offense and then offer necessity as a justification. *Young v. State*, 991 S.W.2d 835, 839 (Tex. Crim. App. 1999). The penal code authorizes necessity as a justification defense to a criminal charge if:

> (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;
>
> (2) the desirability and urgency of avoiding the harm clearly outweigh, according to the ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and
>
> (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

TEX. PENAL CODE ANN. § 9.22(1)–(3) (West 2011).

"Imminent" means something that is impending; something that is on the point of happening and not about to happen. *Pennington v. State*, 54 S.W.3d 852, 857 (Tex. App.—Fort Worth 2001, pet. ref'd). Harm is imminent when there is an emergency situation and it is immediately necessary to avoid that harm. *Id.*

"Reasonable belief" means a belief that would be held by an ordinary and prudent man in the same circumstances as the actor. TEX. PENAL CODE ANN. § 1.07(a)(42) (West 2012). Generally, determination of the reasonableness of the accused's belief is a question of fact and should be viewed from the accused's standpoint at the time he acted. *Pennington*, 54 S.W.3d at 857. However, the defendant's belief that his conduct was immediately necessary may be deemed unreasonable as a matter of law if the undisputed facts demonstrate a complete absence of immediate necessity or imminent harm. *Washington v. State*, 152 S.W.3d 209, 212 (Tex. App.—Amarillo 2004, no pet.).

In order to sustain a necessity defense, the jury would have to believe appellant was reasonably placed in fear of imminent harm by Misty reaching her arm forward from the backseat. Evidence of a generalized fear of harm is not sufficient to raise the issue of imminent harm. *Brazelton v. State*, 947 S.W.2d 644, 648 (Tex. App.—Fort Worth 1997, no writ). Appellant testified when Misty first reached her arm forward from the back seat, "I [had] no idea what she's doing at that point." He did not recall her saying anything such as "I'm going to find a way to stop this vehicle." When asked about his concern when her hand reached forward, he said "Whether she was going to cause a wreck or attack me. *I really had no idea what she was going to do.*" [Emphasis added.] By his own testimony, appellant admitted he did not know Misty's intentions when she reached forward, and his generalized fear of injury was insufficient to support a conclusion he believed his actions were necessary to avoid imminent harm.

While appellant focuses on the testimony of Misty, who testified she was reaching forward to grab something to stop the car, his focus is misplaced. A determination of the reasonableness of appellant's belief of imminent harm is viewed from *his* standpoint at the time he acted. *Pennington*, 54 S.W.3d at 857 (emphasis added). He testified that from his standpoint at the time he acted, he did not know what she was going to do.

6

Moreover, as a matter of law, when criminal conduct is no longer necessary to avoid imminent harm, the necessity defense evaporates. *Bush v. State*, 624 S.W.2d 377, 378 (Tex. App.—Dallas 1981, no writ); *see also Gibson v. State*, 874 S.W.2d 164, 165 (Tex. App.—Houston [14th Dist.] 1994, no writ). The jury heard that Misty reached forward towards the front of the car twice. Even if the jury believed appellant grabbed her wrist and twisted it the first time out of necessity, the jury could reasonably infer appellant no longer believed he was in imminent danger because he did not immediately pull over and stop the car. Rather, he continued to drive, indicating he did not really believe Misty was going to hurt him or wreck the car. Accordingly, viewed in the light most favorable to the verdict, the evidence is legally sufficient to support the jury's rejection of the necessity defense and to support his conviction for family violence assault causing bodily injury. Appellant's second issue is overruled.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.

_____
MICHAEL J. O'NEILL
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

120131F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES SCOTT PRUIETT, Appellant

No. 05-12-00131-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court, Rockwall County, Texas
Trial Court Cause No. CR10-0345.
Opinion delivered by Justice O'Neill,
Justices Bridges and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 25th day of February, 2013.

MICHAEL J. O'NEILL
JUSTICE