## ELMER WOODS v. THE STATE.

No. 19882. Delivered November 23, 1938.

The opinion states the case.

*Guy McNeely* and *J. Earl Kuntz,* both of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is failure to stop and render aid; the punishment assessed is ninety days in the county jail.

The State's testimony shows that appellant, while driving a motor vehicle on the streets of Wichita, collided with and ran into an automobile driven by Edward Entrop, and as a result thereof Entrop sustained a cracked skull and some minor injuries which required him to remain in the hospital for three days. The State's testimony further shows that as the cars collided, they hooked together and that appellant continued to propel his car until he had pulled loose. That after the cars had become separated, appellant drove away from the scene of the collision without stopping or rendering any aid to the occupant of the other car. There was some testimony to the effect that appellant was arrested soon after the collision and that the officers smelled the odor of liquor on his breath. Appellant did not testify in his own behalf but a lady companion who was riding in the car with him at the time of the collision testified that the other car ran into them and hit the car driven by appellant. That he stopped his car after the collision and looked back, but that she asked him to take her home as she was cut, injured and bleeding; that appellant complied with her request and carried her to her home. She further testified that appellant was also cut and injured in the collision.

The State offered in evidence a voluntary written statement made by the appellant, which among other things recited that the other car driven by Entrop ran into and hit the car appellant was driving, causing the motor to die and the car to stop. That he started the motor and drove off without getting out of his car.

The only question presented for review is whether appellant, under the facts, was entitled to an instruction that if the lady companion was injured in the collision and appellant thought it necessary to get her home, if he did so, in order that she might be treated or administered to, he would not be guilty of failing to stop and render aid. His contention was that regardless of whether or not he had struck the other automobile, yet if in the collision his companion was injured to such an

extent as in his opinion rendered it necessary that she receive treatment, either at her own hands or at the hands of another, he would not be guilty on the theory that his obligation to her was as great or greater than his obligations to the occupants of the other car. This, he claims, is a defense in the nature of a defense of another.

So far as we know, this question has not heretofore been directly before this Court. However in the case of Williams v. State, 102 S. W. (2d) 212, this Court recognized the principle that the accused, having stopped after the collision, was not under any legal obligation to render aid when all aid was being given by others. If this is true, then it seems that it would not, in all cases, be necessary to stop.and render aid.

In the case of Greer v. State, 300 S. W. 640, the Court recognized the fact that failure to return to the scene of the collision by fear of safety to his own person was a defense to the charge of failure to stop and render aid.

Nor do we believe that one, though negligently causing a collision, who receives injuries himself which would require treatment and medical attention, would be required to render aid to another, but would be legally authorized to care first for himself. To illustrate our views on the subject, we make the following observations. A, while out riding in a car with his child, collides with an automobile driven by B. As a result, B sustains a broken leg and the child of A a broken arm. Where is A's first duty—to his child or B? It seems to us that to state the case is to state the answer.

We admit that we have stated a rather extreme case, but to our mind, it illustrates a correct principle of law. Consequently, when the issue is raised, it is incumbent on the trial court to charge the jury fully and affirmatively as to the law applicable thereto, whether the evidence raising such issue be strong or weak, unimpeached or contradicted. See Kibbe v. State, 112 S. W. (2d) 733, and authorities cited.

The proposition turns, not so much as to whom he owed the greater duty, the person with whom he collided, himself, or his companion who was also injured in the collision, but upon the proposition of what the jury might have believed appeared to him to be his duty as viewed from his standpoint at the time.

Therefore we believe that he was entitled to have this issue submitted in an affirmative way.

The case must be reversed and remanded for another trial.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.