**MIlton Mason SANSOM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37967.**

Court of Criminal Appeals of Texas.

April 21, 1965.

Rehearing Denied May 26, 1965.

Gib Callaway, Brownwood, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $50.00 and three days in jail.

By a narrative statement of facts, it is shown that Highway Patrolman Morgan was proceeding along a highway in Brown County when he met an approaching automobile being driven by Jackie Monroe and observed appellant seated therein on the passenger side of the front seat. He noticed that the automobile was "wobbling", and after passing the same, the patrolman turned his patrol car around and drove up behind them. He turned on his flashing red signal light and stated that "I could see enough through the back window of the car that I could tell that the two men in the front had exchanged, and as above stated, when I drove up beside the car, Sansom (appellant) was under the wheel and the other man sitting on the seat beside him." In response to the officer's flashing red signal, appellant brought the automobile to a halt.

Morgan stated that appellant was "drunk" and that Monroe was "very drunk". A search of the automobile disclosed several bottles of Vodka, a quart of whiskey, and one or two dozen beer cans, some of them empty and some still unopened.

Officers Fowler and Reynolds stated that the appellant was "drunk" and that Jackie Monroe was in the car and was also "drunk".

The appellant testified that after purchasing "a lot of whiskey and beer" and beginning their journey along the public road, "I realized that Jack Monroe was very drunk, and I was under the influence of liquor". According to appellant; Monroe would not let him drive and when the "motorcop" flashed his red light he forced his way under the wheel and immediately drove the automobile onto the shoulder of the road and stopped. He further stated that "I took the wheel solely and only for the purpose of stopping the car in obedience to the officer's signal."

Appellant contends that the trial court erred when it refused to give his special

requested charge #2, which reads as follows:

"If you believe the defendant took the wheel in this case for the purpose of parking said car, and with no intention of running away, you will acquit the defendant. * * *"

 We have concluded that appellant's contention is without merit and deem our holding in Butterfield v. State, 167 Tex.Cr. R. 64, 317 S.W.2d 943, to be controlling. If appellant here is found in a predicament, it is of his own doing, and he may not by such conduct claim the benefit of a defense to which he is not entitled.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.