Dorothy Joann BUSH, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00048–CR.

Court of Appeals of Texas, Dallas.

Nov. 11, 1981.

Danny D. Burns and Roark M. Reed, Dallas, for appellant.

Henry Wade, Dist. Atty., Stanley Keeton, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, FISH and ALLEN, JJ.

ALLEN, Justice.

Appellant was convicted by a jury of driving a motor vehicle on a public highway while intoxicated, and the court assessed punishment at 30 days in jail, probated for one year, and a fine of $50.00. Appellant contends that the trial court committed error in failing to charge the jury on the defense of necessity and in failing to submit to the jury appellant's requested instruction that the presumption of intoxication is rebuttable. We disagree and thus affirm.

The record reflects that on the afternoon and evening of November 5, 1978, appellant and her husband were at their residence on Cedar Creek Lake about 55 miles from Dallas, celebrating the seventh month of their marriage. Appellant admits to drinking scotch with water during the afternoon and evening. The record further reflects that later in the evening while appellant and her husband were visiting with another couple living at the lake, they began arguing and continued to do so after they returned to their home. This resulted in the husband's striking appellant with his fist, causing her to fear that he might injure her severely. Appellant got into her car and drove to her place of employment, a bar located at 1618 North Industrial, where she talked to her employer and sought to locate a fellow employee named Jitter. After spending 10 to 15 minutes at the bar, appellant elected to re-enter her motor vehicle for the stated purpose of driving to Jitter's residence in Irving, Texas. Appellant was later arrested on Highway 183 within the City of Irving, Texas. A chemical breath test was administered with a resulting score of 0.23%. The appellant was arrested and charged with the offense alleged in the information.

Appellant first contends that the trial court committed reversible error in failing to charge the jury on the defense of necessity. As this is a case of first impression as it applies to the offense of driving while intoxicated, Tex.Rev.Civ.Stat.Ann. art 6701*l*–1 (Vernon Supp. 1980), a review of the historical antecedents of the necessity defense may prove instructive. Prior to the enactment of the Penal Code in 1974, the common law on necessity was inconsistent. In *Woods v. State*, 135 Tex.Cr.R. 540, 121 S.W.2d 604 (1938), the Court of Criminal Appeals held that the defense was available to a defendant who had been charged with failing to stop and render aid at the scene of an accident. The defendant testified that he failed to stop and render assistance because he had an injured passenger in his own vehicle who required immediate medical attention. In holding that it was error for the trial court to refuse to charge on the issue of necessity, the court stated:

> When the issue is raised, it is incumbent on the trial judge to charge the jury fully and affirmatively as to the law applicable thereto, whether the evidence raising such issue be strong or weak, unimpeached or contradicted.

Notwithstanding this admonishment in *Woods*, the Court of Criminal Appeals refused to find error in the trial court denials of requested charges on necessity in two subsequent cases. In *Butterfield v. State*, 167 Tex.Cr.R. 64, 317 S.W.2d 943 (1958), the court, with one judge dissenting, refused to allow the defense of necessity to a defendant who had been charged with driving an automobile upon a public highway while intoxicated. The majority held:

> We are aware of no such defense and decline to hold that an intoxicated driver of an automobile upon a public highway commits no offense if it be shown that a necessity existed, or that it appeared to him to be necessary that he make the journey.

In *Sansom v. State*, 390 S.W.2d 279 (Tex.Cr. App.1965), another driving while intoxicated case, the court cited *Butterfield* with approval and deemed it controlling. *See generally* Sullivan, The Defense of Necessity in Texas: Legislative Invention Come of Age, 16 Hous.L.Rev. 333 (1979).

▮ It was against this background that the legislature enacted the statutory defense of necessity in 1974. Tex.Penal Code Ann. § 9.22 (Vernon 1974). Section 9.22 provides:

Conduct is justified if:

(1) The actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

We do not address the question of whether the defense of necessity would have been available to appellant during her journey from her residence at Cedar Creek Lake to her place of employment on Industrial Boulevard in Dallas. Rather, we conclude on the facts of this case, that at the time appellant elected to re-enter her vehicle at the bar on Industrial and drive to Irving, Texas, the evidence shows no facts by which she could reasonably believe that her conduct (driving a motor vehicle on a highway), was immediately necessary to avoid imminent harm to herself. The difficulty the appellant experienced with her husband between 3 and 4 hours prior to the time of her arrest and about 55 miles from the place of her arrest did not, as a matter of law, justify her conduct in leaving her place of employment and driving upon the highway in an intoxicated condition. Since appellant failed to satisfy the first statutory requirement of section 9.22, the evidence did not raise a fact issue entitling her to a submission of an instruction on the affirmative defense of necessity. Accordingly, the trial court committed no error in refusing to submit appellant's requested charge. *Roy v. State*, 552 S.W.2d 827 (Tex.Cr.App. 1977).

▮ Appellant complains next of the trial court's refusal to grant her requested charge that the presumption of intoxication is rebuttable. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, § 3(a) (Vernon 1977) sets forth the evidentiary requirements necessary to give rise to the presumption that a person was under the influence of intoxicating liquor. Tex.Penal Code Ann. § 2.05 (Vernon Supp. 1980) guides the court in submitting charges on statutory presumptions. In this case, the trial court complied with both these statutory provisions in charging the jury as follows:

You are further instructed that as a part of the law in this case the statutes of the State of Texas provide that it shall be presumed that any person who drives a motor vehicle is under the influence of intoxicating liquor, if there was, at the time that the person so drove, 0.10 percent or more by weight of alcohol in the person's blood, as shown by chemical analysis of the person's blood, breath, urine or any other bodily substance.

You are instructed that the law concerning "presumption" as it applies to intoxication is as follows:

That the facts giving rise to the presumption must be proven beyond a reasonable doubt;

That if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

That even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

If the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

We find no error committed by the court in rejecting appellant's requested instruction. *Easdon v. State,* 552 S.W.2d 153 (Tex.Cr. App.1977).

Affirmed.