Billie Joe PENTYCUFF, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–83–246–CR.

Court of Appeals of Texas,
Waco.

July 26, 1984.

Rehearing Denied August 16, 1984.

Discretionary Review Refused As
Untimely Filed Nov. 1, 1984.

Charles M. McDonald, Merrilee L. Harmon, McDonald, Harmon & Malone, Waco, for appellant.

Vic Feazell, Crim. Dist. Atty., J. Patrick Murphy, Chief Deputy Dist. Atty., Kenneth L. Ables, E. Crawford Long, Asst. Dist. Attys., Waco, for appellee.

HALL, Justice.

Pleading not guilty, appellant Billie Joe Pentycuff was found guilty by a jury on May 12, 1983, for committing the felony offense of driving while intoxicated on June 12, 1982, proscribed at that time in Vernon's Texas Civil Statutes Art. 6701*l*–2. The jury assessed punishment at confinement in the Texas Department of Corrections for a term of five years. This appeal resulted from judgment rendered on these verdicts. We affirm.

The State's evidence showed that the two arresting officers observed appellant's motor vehicle, with appellant driving, twice weave across the line dividing the southbound lanes for traffic on a public highway in the City of Lacy Lakeview shortly before appellant drove the vehicle onto a parking lot behind a night club that adjoined the highway. After all were out of their vehicles on the parking lot, the officers con-

cluded that appellant was extremely intoxicated based on their detailed observations of his attitude and demeanor, physical bearing, face, eyes, speech and the strong odor of alcoholic beverage on his breath. This evidence supports the conviction, and appellant does not assert otherwise. Appellant seeks reversal on grounds that the trial court erred (1) in failing over appellant's objection to charge the jury on the defense of necessity, and (2) in failing to grant appellant's challenge for cause of a venire person in violation of V.A.C.C.P., Art. 35.16(a)(9).

The defense of necessity is set forth in V.T.C.A., Penal Code § 9.22, as follows: "Conduct is justified if: (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm; (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law [proscribing] the conduct; and (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear."

Penal Code § 1.07(a)(31) provides that "In this code: 'Reasonable belief' means a belief that would be held by an ordinary and prudent man in the same circumstances as the actor"; and the term "conduct" is defined in § 1.07(a)(8) to mean "an act or omission and its accompanying mental state." Prior to this codification effective January 1, 1974, the defense of necessity was not available to the accused against a charge of driving while intoxicated. *Butterfield v. State*, 167 Tex.Cr.R. 64, 317 S.W.2d 943 (1958); *Sansom v. State*, 390 S.W.2d 279 (Tex.Cr.App.1965). Since the defense as set forth in the code requires a choice between two harms based upon a belief "that would be held by an ordinary and prudent man in the same circumstances as the actor," and because by the standard definition of the term "intoxicated" as used in cases of driving while intoxicated the defendant has lost the "normal use" of his "mental faculties" by reason of the use of intoxicating liquor, the availability of the

defense even in light of the statute might be questionable. This question has not been resolved by our Court of Criminal Appeals.

Assuming the defense proper in a case of driving while intoxicated, we hold it was not raised by the evidence in our case. Appellant testified that he lived alone about one and one-fourth miles from the night club where he was arrested by the officers; that shortly before the incident of his arrest he waked from a nap sweating and with a high fever; that he checked his temperature and found it to be 103 degrees, and that he had pneumonia; that he had a twenty-four-hour pass for admittance to the Veterans Administration Hospital in Waco, and determined he should go to the hospital; that he tried to telephone his sister to take him to the hospital, but he was unable to contact her; that he believed a female friend of his named "Mitzi" was at the night club where he was arrested; and that he determined to drive the short distance to the club to get Mitzi to take him to the Veterans Administration Hospital. Appellant testified repeatedly that he had not consumed any alcoholic beverage on the day of his arrest nor during the entire week preceding his arrest. He said that he told the officers that he was not drunk. He said that because he had not consumed any alcoholic beverage he could not have had the odor of such beverage on his breath; and he testified that any undue actions on his part observed by the officers was caused by the state of his illness and not by intoxication. He stated he told the officers he was ill with pneumonia and that he requested they take him to the hospital.

■■■ The defense of necessity as set forth in the Penal Code, supra, requires a belief and determination on the part of the defendant that the commission of the offense charged against him is immediately necessary to avoid other imminent harm. Logically, a defendant who denies commission of the proscribed conduct could not have entertained this belief and he could not have made the choice. Without an admission that he committed the offense,

the defendant is not entitled to the defense of necessity. *Klein v. State,* 662 S.W.2d 166, 170 (Tex.App.—Corpus Christi 1983, no pet.). In our case, appellant did not admit driving while intoxicated, he denied it. Appellant's first ground of error is overruled.

■ Appellant challenged for cause three prospective jurors, Sanders, Honeycutt and Turnmire. No other was named by appellant as objectionable to him. The challenges against Sanders and Honeycutt were sustained by the court. Turnmire had stated on examination that because several people in her family were alcoholics, she was strictly opposed to the drinking of alcoholic beverages in any form or fashion; that this feeling might "possibly interfere with [her] subconsciously" as a fair juror in this type of case; and that she felt "it might be best" that she not serve on this jury. After appellant's challenge for cause of Turnmire was overruled, appellant requested an additional peremptory challenge "because of the fact that we had to take the said objectionable juror, namely, Mrs. Charlcie Turnmire." This request for an additional strike was overruled. The record shows that appellant used all of his ten peremptory strikes, and that one was used on juror Turnmire. There is no showing in the record that appellant was forced to take a named juror who was objectionable to him. No injury is shown. *Doggett v. State,* 530 S.W.2d 552, 557 (Tex. Cr.App.1975). Appellant's second ground of error is overruled.

The judgment is affirmed.