**Jack GIBBONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. C14–92–00939–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 10, 1994.

W.B. House, Jr., Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

**OPINION**

CANNON, Justice.

Jack Gibbons appeals his conviction for the offense of driving while intoxicated ("DWI"). Appellant pled not guilty and was tried by a jury in the County Criminal Court at Law. The jury found him guilty. The court assessed punishment at 180 days confinement in the Harris County Jail, probated for two years, and a $500.00 fine. On appeal, Mr. Gibbons brings four points of error complaining of the court below's refusal to include a jury instruction, and to charge the jury, on the defense of necessity, and in sustaining the State's objection regarding the relevancy of his testimony concerning the defense of necessity. We affirm.

The facts, viewed in the light most favorable to the prosecution, are as follows. On October 12, 1991, Officer Caston of the Houston Police Department stopped appellant's vehicle, a Ford truck, on Interstate 10 East because the driver (appellant) was unable to maintain a single lane. He testified that appellant's vehicle crossed the lane line approximately twenty times.

The officer activated his emergency lights as appellant exited the freeway. Appellant pulled over to the far right lane and stopped. Caston approached the vehicle and asked appellant for his driver's license and insurance. He testified that he smelled alcohol on appellant's breath, and noticed that appellant's eyes were bloodshot.

Caston asked appellant to get out of the truck. He testified that appellant staggered as he got out of the truck, and had to hold onto the door to keep his balance. The officer stated he was unable to understand appellant's speech. He was unable to administer a field sobriety test because traffic was heavy and the terrain was not level. He did state, however, that in his opinion, appellant was intoxicated. Caston arrested appellant on suspicion of DWI and transported him to the police station so that additional tests could be run. He turned appellant's truck

over to Preston Moody, a passenger in the truck.

At the station, Caston turned appellant over to Officer Steven Trahan, a certified intoxilyzer operator. Trahan testified that he informed appellant of his rights both in writing and orally. He then observed appellant for twenty minutes to ensure that appellant neither belched nor regurgitated prior to taking the intoxilyzer test.

Officer Kimberly Preadom testified that she administered field sobriety tests to appellant at the station. The tests were videotaped. Appellant swayed during a head-tilt test, and was unable to estimate the length of time it took for 30 seconds to elapse. Appellant was instructed to touch his nose three times with each finger. Instead, appellant touched his nose five times with his right finger and four times with his left.

Sebastian Fromhold, an H.P.D. chemist who supervises the breath alcohol testing program, testified that the breath intoxilyzer used to test appellant was functioning properly at the time of appellant's test. Appellant had a reading of 0.149. The legal limit is 0.10.

■ In his first three points of error appellant argues that the court below erred when it refused to charge the jury on the defense of necessity. Appellant contends that the defense was raised by the evidence, and that by failing to charge the jury properly, he was denied his right to a trial by jury as guaranteed under Article I, § 10 of the Texas Constitution, and the Sixth Amendment of the U.S. Constitution. In his fourth point appellant alleges that the court below erred by sustaining the State's objection to testimony by appellant regarding the defense of necessity.

In order to understand appellant's claims, it is necessary to look at his testimony. The bulk of that testimony is preserved in a bill of exception. Appellant was permitted to testify that his wife called him and told him that she was at a motel with a young lover. He further testified that she wanted appellant to come and get her. He stated that his wife told him she would kill herself if he did not pick her up from the motel. He also said that the motel was in a dangerous neighborhood, that a woman had been killed a block and a half away about two weeks before the night in question, and that he feared for his wife's safety.

However, appellant's testimony also reveals that he went to the hotel, found his wife and her young lover, picked them both up, and started to drive the young lover home.

■ An accused is entitled to an affirmative instruction on the law as to every defensive issue raised by the evidence. *Lugo v. State*, 667 S.W.2d 144, 146 (Tex.Crim.App. 1984). This includes those affirmative issues raised by his testimony alone. *Thomas v. State*, 678 S.W.2d 82, 84 (Tex.Crim.App. 1984).

■ Necessity is a defense if the actor reasonably believes the conduct is necessary to avoid imminent harm, if the desirability and urgency of avoiding the harm clearly outweighs the harm sought to be prevented by the law prohibiting the conduct, and a legislative purpose to exclude the justification claimed for the conduct does not otherwise appear. TEX.PENAL CODE ANN. § 9.22 (Vernon 1974).

Appellant's need to drive to a motel to prevent his wife from committing suicide might be a valid justification for driving while intoxicated. We do not rule on that issue as we need not reach it to dispose of this case. Once appellant was at the motel he was in a position to keep his wife from committing suicide. Moreover, he was in a position to summon aid in the form of police officers or paramedics. He need only dial 911. Once appellant re-entered his vehicle, however, and started to drive his wife's young lover home, any possible justification for his conduct evaporated. There was no imminent harm appellant sought to prevent.

The facts of this case bear resemblance to those found in *Bush v. State*, 624 S.W.2d 377 (Tex.App.–Dallas 1981, no pet.). In that case, the defendant drove to her place of employment to escape her abusive spouse. When she was unable to locate a certain employee, she got back into her car and began driving to that employee's home. It

was on this second leg of her journey that she was arrested for DWI. *Id.*

The reviewing court determined that Bush was not entitled to an instruction on the defense of necessity because she did not show any facts by which she could reasonably believe that her conduct was imminently necessary to avoid harm to herself. *Id.* at 379. There was no justification to support Bush's leaving her place of employment in an intoxicated state because she had already removed herself from the imminently harmful situation of being beaten by her husband.

Consequently, based upon the facts before this Court, we hold that the court below acted properly by refusing to provide a jury instruction or to charge the jury on the defense of necessity. We further hold that the trial court's exclusion of portions of appellant's testimony regarding this matter was proper because it was not relevant. We overrule appellant's four points of error. We affirm the judgment.