**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**James Norris KIMBROUGH, Appellee.**

No. 2–02–280–CV.

Court of Appeals of Texas, Fort Worth.

April 24, 2003.

---

Elvis G. Schulze, Appellate Staff Attorney and Kevin M. Givens, Supervisor, ALR Appellate Section, Austin, for appellant.

Brett D. Boone, Fort Worth, for appellee.

Panel F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

The Texas Department of Public Safety (DPS) appeals the trial court's judgment affirming the decision of an administrative law judge (ALJ) that the evidence was insufficient to authorize suspension of James Norris Kimbrough's driver's license. Because we conclude that DPS's substantial rights were prejudiced by the ALJ's erroneous decision to exclude two officers' reports, we will reverse and remand.

In February 2002, Kimbrough was arrested for driving while intoxicated. Kimbrough failed three field sobriety tests and refused to take a breathalyzer test after receiving statutory warnings. As a result of his refusal to take a breathalyzer test, Kimbrough's driver's license was suspended. *See* TEX. TRANSP. CODE ANN. § 724.035 (Vernon Supp.2003). He requested an administrative hearing to contest the suspension.

At the administrative hearing, DPS offered four exhibits: (1) the arresting officer's sworn report notarized the day of the arrest, (2) the arresting officer's supplemental eight-page sworn report, (3) another peace officer's sworn report, and (4) copies of the statutory warnings that Kimbrough received. The ALJ admitted exhibits one and four, but excluded exhibits two and three on the basis that they were not forwarded to DPS by the fifth business day after the arrest as required under section 724.032(c)(4) of the Texas Transportation Code (the Code).[1] *Id.*

§ 724.032(c)(4). The ALJ then ruled that DPS did not prove reasonable suspicion to stop, or probable cause to arrest, Kimbrough. The ALJ found that "a citizen observed certain driving activity" by Kimbrough, but that it was "unclear what information was available to police officers at the time of the traffic stop." The trial court affirmed the ALJ's decision.

■ In its sole issue on appeal, DPS contends that the ALJ misapplied the law and abused her discretion by refusing to admit the contested exhibits at the administrative hearing because the five-day deadline of section 724.032(c) of the Code had not been met. DPS contends that the deadline was directory, not mandatory. DPS further contends that the trial court erred by affirming the ALJ's decision.[2]

The statute on which the ALJ based her ruling provides that, if a person refuses to take a breathalyzer test, the officer "shall forward to the department not later than the fifth business day after the date of the arrest ... a copy of the refusal report." TEX. TRANSP. CODE ANN. § 724.032(c)(4). Kimbrough argues that the ALJ did not abuse her discretion by excluding the contested exhibits because use of the word "shall" in the statute imposes a duty to act that the officers who filed the reports failed to comply with. Kimbrough asserts that, because the officers failed to act in accordance with this duty, the ALJ's decision to exclude the reports was not arbitrary or capricious. Kimbrough further contends that DPS has not shown that its

---

1. The arrest occurred on February 10, 2002, and exhibits two and three were not notarized until March 16 and 22, respectively.

2. DPS's right to appeal from an ALJ's decision is limited to issues of law. TEX. TRANSP. CODE ANN. §§ 524.041(d), 724.047 (Vernon 1999). If the ALJ made an error of law or

abused her discretion and violated DPS's substantial rights as a result, we must reverse the ALJ's decision and remand for further proceedings. TEX. GOV'T CODE ANN. § 2001.174(2)(D), (F) (Vernon 2000); *Tex. Dep't of Pub. Safety v. Doyle*, 987 S.W.2d 897, 899 (Tex.App.-Fort Worth 1998, no pet.).

substantial rights were violated by the ALJ's exclusionary ruling.

Whether a statutory provision is mandatory or directory is a question of law, which we review de novo. *Tex. Dep't of Pub. Safety v. Mendoza,* 956 S.W.2d 808, 811 (Tex.App.-Houston [14th Dist.] 1997, no pet.). Whether a court abused its discretion is also a question of law. *Jackson v. Van Winkle,* 660 S.W.2d 807, 810 (Tex.1983); *N. Dallas Diagnostic Ctr. v. Dewberry,* 900 S.W.2d 90, 93–94 (Tex.App.-Dallas 1995, writ denied); *see also Tex. Dep't of Pub. Safety v. Silva,* 988 S.W.2d 873, 875 (Tex.App.-San Antonio 1999, pet. denied) (holding that issue of whether documents were properly excluded under rules of evidence is question of law).

We generally construe the word "shall" as mandatory unless legislative intent suggests otherwise. *Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 961 (Tex. 1999); *see also* Tex. Gov't Code Ann. § 311.016(2) (Vernon 1998) (providing that use of "shall" in statute imposes a duty unless context in which phrase appears necessarily requires a different construction).[3] Because we find no legislative intent suggesting that the word "shall" as used in section 724.032(c)(4) is to be construed in any manner other than mandatory, we hold that the five-day forwarding requirement is mandatory.

DPS's mere failure to comply with this mandatory statutory deadline, however, does not result in a punitive sanction against DPS unless the statute provides for such a sanction. *See State v. $435,000.00,* 842 S.W.2d 642, 644 (Tex.

1992). Therefore, we must now determine whether the legislature intended to penalize DPS when an officer fails to forward a report within the mandatory five-day deadline by rendering the report inadmissible at an administrative hearing.

Section 724.032 specifies no consequences for failure to forward the report on time, nor does it state that proof of compliance is a predicate to some other action. Tex. Transp. Code Ann. § 724.032; *Mendoza,* 956 S.W.2d at 812. The statute's language indicates that the five-day requirement is simply a housekeeping measure intended to benefit DPS by ensuring that the officer forwards the relevant information to "the department" to allow time to prepare for a hearing if the defendant should request one. Tex. Transp. Code Ann. § 724.032(c)(4); *see Mendoza,* 956 S.W.2d at 812; *Repschleger,* 951 S.W.2d at 934.

Because the legislature has expressed no intent that DPS be penalized for the failure of an officer to submit a report within the five-day deadline of section 724.032(c)(4), we hold that the failure of an officer to comply with the statute does not render the report inadmissible at an administrative hearing. We, therefore, hold that the ALJ abused her discretion when she refused to admit DPS's exhibits two and three into evidence at the hearing in this case on the ground that they were not forwarded by the officer to DPS within five days. *See Huie v. DeShazo,* 922 S.W.2d 920, 927–28 (Tex.1996) (orig. proceeding) (holding that trial court's errone-

---

3. Despite the use of "shall" in section 724.032, numerous courts have held that the five-day forwarding requirement is directory, not mandatory. *See, e.g., Tex. Dep't of Pub. Safety v. Pruitt,* 75 S.W.3d 634, 638 (Tex.App.-San Antonio 2002, no pet.); *Mendoza,* 956 S.W.2d at 811–12; *Tex. Dep't of Pub. Safety v.* *Repschleger,* 951 S.W.2d 932, 934 (Tex.App.-Houston [14th Dist.] 1997, no pet.); *see also Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (1956) (noting that while courts generally construe "shall" as mandatory, it "may be and frequently is held to be merely directory").

ous legal conclusion, even in an unsettled area of law, is an abuse of discretion).

 We further hold that the erroneous exclusion of the exhibits prejudiced DPS's substantial rights because the ALJ denied DPS the opportunity to meet its evidentiary burden at the license suspension hearing. Evidence admissible under the Texas Rules of Evidence, along with other necessary evidence that is not precluded by statute, is admissible at license suspension hearings. *See* TEX. GOV'T CODE ANN. § 2001.081 (Vernon 2000); 1 TEX. ADMIN. CODE § 159.23(b) (last amended 1999) (State Office of Admin. Hearings). The excluded exhibits contain virtually all of DPS's admissible evidence concerning reasonable suspicion to stop, or probable cause to arrest, Kimbrough. The arresting officer's report (exhibit two) states that the officer personally observed Kimbrough drive erratically, weave across several lanes, and nearly cause an accident before the officer stopped him. The report also states that Kimbrough was glassy-eyed, smelled strongly of alcohol, had an open container of alcohol in his vehicle, and could not process or remember information during the traffic stop or after the arrest. The other officer's report (exhibit three) contains additional information that the police learned during the traffic stop from the private citizen who initially reported Kimbrough's erratic driving. The erroneous exclusion of this evidence was fatal to DPS's ability to prove that the officer had reasonable suspicion to stop Kimbrough or probable cause to arrest him for DWI—two issues DPS was required to prove to obtain an administrative order sustaining the license suspension. TEX. TRANSP. CODE ANN. §§ 724.042–.043 (Vernon Supp.2003).

Accordingly, we sustain DPS's issue on appeal, reverse the ALJ's decision, and the trial court's judgment affirming it, and re-

mand the case to the ALJ for further proceedings. TEX. GOV'T CODE ANN. § 2001.174(2); TEX.R.APP. P. 43.2(d).