**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**Jerry B. MOORE, Appellee.**

No. 01–02–01147–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 13, 2004.

Elvis G. Schulze, Kevin M. Givens, Ross Rayburn, Austin, TX, for Appellant.

John Paul, Bryan, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and BLAND.

## OPINION

JANE BLAND, Justice.

The Texas Department of Public Safety ("the DPS") appeals an order from the county court, affirming an administrative law judge's decision denying the DPS's petition to suspend appellee Jerry Moore's driver's license, based upon Moore's necessity defense. We hold that the facts found by the administrative law judge do not establish a necessity defense as a matter of law, and therefore reverse and remand.

### Facts

On December 30, 2001, Moore telephoned his wife, Mary Moore, and asked that she drive to his sister's mobile home to give him a ride home. Mary Moore testified that upon her arrival, she saw her husband, his sister, his sister's boyfriend, and another couple fighting in the street. Mary Moore observed guns flashing and the combatants using scissors as weapons. She testified that someone fired shots, and then Moore stepped into his pickup truck and drove away. Mary Moore remained at the scene and dialed 911.

Shortly thereafter, Officer Caldwell, with the City of Bryan Police Department, arrived and began to investigate. Caldwell interviewed Mary Moore. During the interview, Caldwell noticed a blue pickup truck driving through the mobile home park at a high rate of speed. Mary Moore informed Caldwell that her husband owned the truck and identified him as he drove toward the police officers. Moore stopped

and stepped out of the truck. Officer Caldwell approached him and detected "a strong odor of an alcoholic beverage." Caldwell further observed that Moore spoke "in a slurred speech," had difficulty removing his driver's license from his wallet, dropped several papers from his wallet, and had difficulty picking them up from the ground. Officer Caldwell assessed Moore with various field sobriety tests. Based upon his poor performance, Officer Caldwell arrested Moore for driving while intoxicated ("DWI"). Moore refused to give a breath sample, but after receiving his *Miranda* warnings,[1] he admitted that he had consumed one pint of brandy. He denied driving the truck.

The DPS moved to suspend Moore's driver's license pursuant to the Texas Transportation Code. An administrative law judge held a hearing on the petition and found as follows:

On 12/31/01 a reasonable suspicion to stop Defendant existed, in that Defendant was victim of assault and made contact with arresting officer who saw Defendant driving F150 through mobil[e] home park at 2201 Leonard Road in Bryan, Texas, just prior to making contact.

On that same date, probable cause to arrest Defendant existed, in that probable cause existed to believe that Defendant was operating a motor vehicle in a public place while intoxicated, because in addition to the facts in No. 1: Arresting officer observed Defendant to have strong odor of alcoholic beverage, slurred speech, difficulty picking up papers he had dropped, and to sway, hop, and put foot down doing one leg stand.

\* \* \*

Although DPS proved the elements of its case, Defendant's affirmative defense

of necessity (Tx Penal Code § 9.22) was proved. Defendant had called his wife to come get him. As she arrived, she saw Defendant being threatened by man with a gun, who fired the gun. *Defendant drove away but returned when police arrived and it was safe for him to do so.*

Based on the foregoing, the Judge concludes that the Department proved the issues set out in TEX. TRANSP. CODE ANN. § 524.035 or 724.042 but that Defendant's affirmative defense of necessity applies.

(Emphasis added). Based upon these findings and conclusions, the administrative law judge denied the DPS's petition. The DPS sought judicial review of that determination pursuant to section 524.041(d) of the Texas Transportation Code in the county court. *See* TEX. TRANSP. CODE ANN. § 524.041(d) (Vernon 1999). At that trial, the DPS contended that Moore could not rely on the defense of necessity because police arrested him after the threat from which he fled no longer existed, and Moore had continued to drive under the influence. Finding "that a reasonable basis exists in the record for the application of the necessity defense by the administrative law judge," the county court affirmed the administrative determination.

### Standard of Review

We review administrative license suspension decisions under a substantial evidence standard. *Mireles v. Texas Dep't of Pub. Safety*, 9 S.W.3d 128, 131 (Tex. 1999). The Texas Government Code defines such a review as follows:

[A] court may not substitute its judgment for that of the state agency on the

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

weight of the evidence on questions committed to agency discretion, but:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

    (A) in violation of a constitutional or statutory provision;

    (B) in excess of the agency's statutory authority;

    (C) made through unlawful procedure;

    (D) affected by other error of law;

    (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

    (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000). We consider in this appeal whether the administrative findings are affected by an error of law.

### The Necessity Defense

■ The DPS contends that no necessity justification existed at the time of Moore's arrest because his drive back to the scene was not in avoidance of any imminent harm—as the administrative judge found, he "returned when police arrived and it was safe for him to do so." Moore responds that substantial evidence supports the administrative determination because he reasonably believed that his conduct was immediately necessary to avoid imminent harm.

Necessity may justify criminal conduct if: (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm, (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct, and (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear. TEX. PEN. CODE ANN. § 9.22 (Vernon 2003).[2]

Here, we do not address the question of whether a necessity defense applies to Moore's conduct when he initially drove his vehicle *away* from the confrontation. *See Gibbons v. State*, 874 S.W.2d 164, 165 (Tex App.-Houston [14th Dist.] 1994, no pet.) (noting that "we do not rule" on the issue of whether the necessity defense might be a valid justification earlier in the course of events). In order to raise the defense of necessity under these facts, however, Moore reasonably must have believed that in order to avoid imminent harm, he had to drive his motor vehicle *back* across the mobile home park to the scene of the assault. The facts found by

---

2. The Texas Legislature enacted the statutory defense of necessity in 1974. Before legislative enactment, the Texas Court of Criminal Appeals expressly had rejected a common law necessity defense in driving while intoxicated cases. *Compare Sansom v. State*, 390 S.W.2d 279 (Tex.Crim.App.1965) *with* TEX. PEN.CODE ANN. § 9.22 (Vernon 2003). *See also Bush v. State*, 624 S.W.2d 377, 379 (Tex App–Dallas 1981, no pet.). For purposes of this appeal, we assume—without deciding—that a defense of necessity can apply in a civil suspension of license proceeding, as the DPS did not contest its applicability in the county court or on appeal. *See* TEX. TRANSP. CODE ANN. § 524.035 (Vernon Supp.2004) (setting forth issues to be proven at hearing by preponderance of the evidence in order to obtain suspension, and prohibiting suspension if (1) person is an adult and analysis of their alcohol concentration is below that set forth in Penal Code Section 49.01 at time of arrest, or (2) person is a minor and administrative law judge finds minor had no detectable amount of alcohol in their system at time of arrest).

the administrative law judge refute such a conclusion. At the time of the arrest, Moore continued to drive and *"returned when police arrived and it was safe for him to do so."* (Emphasis added.)

As a matter of law, when criminal conduct is no longer necessary to avoid imminent harm, the necessity defense evaporates. *See Bush v. State,* 624 S.W.2d 377, 378 (Tex.App.-Dallas 1981, no writ); *Gibbons,* 874 S.W.2d at 165. In *Bush,* the defendant admitted to drinking scotch and water. She then argued with her husband, who assaulted her. *Bush,* 624 S.W.2d at 378. She fled in her vehicle to a nearby bar in an attempt to find a fellow employee. Unable to locate that person, she drove toward a residence. Police arrested and charged her with DWI before she arrived. *Id.* In affirming the trial court's denial of a necessity instruction, the court of appeals held that "the evidence shows no facts by which [Bush] could reasonably believe that her conduct (driving a motor vehicle on a highway), was immediately necessary to avoid imminent harm to herself." *Id.* at 379. As the defendant did in *Bush,* Moore continued to drive his truck after it was immediately necessary to avoid imminent harm. Police arrested him for driving back to the scene while intoxicated *after* the threat of imminent harm had passed, and after, as the administrative law judge expressly found, it was safe for him to do so.

Similarly, in *Gibbons,* the defendant received a call from his wife in which she threatened that if he did not drive to a motel to pick her up, she would commit suicide. *Gibbons,* 874 S.W.2d at 165. Gibbons arrived at the motel, picked up his wife and her "young lover," intending to drive the couple home. *Id.* Police stopped Gibbons and arrested him for suspicion of DWI while en route from the motel. *Id.* In rejecting the necessity defense as a matter of law, the court of appeals concluded that "once appellant re-entered his vehicle . . . any possible justification for his conduct evaporated. There was no imminent harm appellant sought to prevent." *See id.*

We agree with the reasoning in *Bush* and *Gibbons.* Because the administrative law judge determined that, at the time of his arrest, Moore drove his truck not to avoid imminent harm, but instead to return to the scene when "it was safe for him to do so," we hold that, as a matter of law, the defense of necessity does not apply in this case.

The dissent would distinguish *Bush* and *Gibbons* on the theory that in those cases, sufficient "time and distance and intervening acts" occurred so as to support the conclusion that a necessity defense did not exist. But the standard set forth in the statute is "imminent harm." The finding that the scene was "safe" necessarily negates any imminent harm. To extend the necessity defense any further risks another harm—that of an intoxicated driver driving at a high rate of speed through a mobile home park—merely so he can return to the scene, and not to avoid danger. Under the Government Code, we must reverse when a substantial right has been prejudiced because the administrative decision is affected by an error of law. Tex. Gov't Code Ann. § 2001.174 (Vernon 2000). Here, the administrative law judge erred in applying the law to the facts as she found them.[3] We therefore sustain

---

3. The administrative law judge concluded that "the Department proved the issues set out in Tex. Transp. Code Ann. § 524.035 or 724.042 but that Defendant's affirmative de-

fense of necessity applies." The DPS's substantial rights are prejudiced by the administrative law judge's error of law, because but for the administrative law judge's error in

the DPS's second point of error, and need not address its remaining point of error.

### Conclusion

The necessity defense lasts only as long as the actor reasonably believes criminal conduct is necessary to avoid imminent harm. Once it became safe for Moore to return to the scene, and he chose to do so by driving, he engaged in criminal conduct not as a matter of necessity, but only as a matter of convenience. We reverse and remand this case to the county court for proceedings consistent with this opinion.

Justice KEYES, dissenting.

EVELYN V. KEYES, Justice, dissenting.

I respectfully dissent. Section 2001.174 of the Government Code, which defines the standard of review, provides that the court of appeals may not "substitute its own judgment for that of the state agency on the weight of the evidence on questions committed to agency discretion." TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000). The statute further provides that the court of appeals may affirm in whole or in part, but "shall reverse" when "substantial rights of the appellant have been prejudiced" for any of a number of listed reasons, including an error of law. *Id.* § 2001.174.

The majority rejects Moore's necessity defense on the ground that the facts do not support it without having any witnesses before it, any description of how long it had been since Moore first got into his car until he was arrested (except that he stopped in front of the police responding to the 911 call and was immediately arrested), any information as to how recently the police had secured the dangerous situation, or any evidence as to how far Moore had traveled (except that he was still in the mobile home park).

I believe the majority has reweighed the evidence, focused solely on the administrative law judge's finding that Moore "drove away but returned when police arrived and it was safe for him to do so," interpreted that factual finding to require a legal conclusion that the necessity defense had evaporated, so that all other facts are irrelevant, and now reverses and renders judgment contrary to the conclusion of both fact finders—the administrative law judge and the trial court—as to the weight and preponderance of the evidence. Moreover, the majority reverses without any showing that any "substantial rights of the appellant have been prejudiced" by the ruling below.[1]

The majority's opinion is in contrast to the two cases on which it relies, *Bush v. State*, 624 S.W.2d 377, 378 (Tex.App.-Dal-

---

applying the law to the facts as she found them, the DPS was entitled to judgment, and to suspend the license it issued to Moore. *See Texas Dep't of Pub. Safety v. Kimbrough*, 106 S.W.3d 747, 751 (Tex.App.-Fort Worth 2003, no pet.) (Holding that the DPS's substantial rights were prejudiced because administrative law judge erroneously excluded two exhibits at license suspension hearing, thereby denying the DPS the opportunity to meet its evidentiary burden).

1. The majority notes that the DPS's substantial rights were prejudiced by the administrative law judge's "error in applying the law to the facts as she found them" because "the DPS was entitled to judgment, and to suspend the license it issued to Moore." The denial of the appellant's right to win through an error of law is not a violation of a substantial right. *Cf. Texas Dep't of Pub. Safety v. Kimbrough*, 106 S.W.3d 747, 751 (Tex.App.-Fort Worth 2003, no pet.) (DPS's substantial *right to meet its evidentiary burden at license suspension hearing denied* by administrative law judge's erroneous exclusion of virtually all of DPS's admissible evidence regarding reasonable suspicion to stop and probable cause to arrest motorist).

las 1981, no pet.), and *Gibbons v. State*, 874 S.W.2d 164, 165 (Tex App.-Houston [14th Dist.] 1994, no pet.). In both cases, the facts show the lapse of a great deal of time and distance and intervening acts between the threatening situation giving rise to the defense and the defendant's arrest for DWI. The facts of this case show the opposite.

In my view, the majority's conclusion is so far-reaching as to nullify the protection afforded by the statute. I therefore respectfully dissent.