

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00167-CR

_____

RANDY JOE DAUGHERTY, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 31,957

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

During his trial, Randy Joe Daugherty, Jr., admitted to driving while intoxicated (DWI). A Hunt County jury rejected his affirmative defense of necessity and found him guilty of driving while intoxicated, third or more. After he pled true to the State's enhancement allegation, Daugherty was sentenced to twenty years' imprisonment.

On appeal, Daugherty argues that the evidence is legally insufficient to support the jury's rejection of his defensive issue. Because we determine that legally sufficient evidence supports the jury's rejection of the necessity defense, we affirm the trial court's judgment.

## I. The Evidence at Trial

The justification of necessity provides that "[c]onduct is justified if . . . the actor reasonably believes the conduct is immediately necessary to avoid imminent harm" and "the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct." TEX. PENAL CODE ANN. § 9.22 (West 2019). "In order for a defendant to properly raise the defense of necessity, he or she must admit to committing the offense charged." *Arnwine v. State*, 20 S.W.3d 155, 158 (Tex. App.—Texarkana 2000, no pet.); *see Juarez v. State*, 308 S.W.3d 398, 399 (Tex. Crim. App. 2010); *Dearborn v. State*, 420 S.W.3d 366, 375 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Additionally, a necessity defense requires there to be, among other proof, evidence of a specific imminent harm on the occasion in question. *See Kelso v. State*, 562 S.W.3d 120, 132–33 (Tex. App.—Texarkana 2018, pet. ref'd) (citing *Stefanoff v. State*, 78 S.W.3d 496, 499–500 (Tex.

App.—Austin 2002, pet. ref'd)). Daugherty admitted to driving while intoxicated at trial and testified about events raising the defensive issue.

The evidence at trial demonstrated that Daugherty and his lifetime friend, Jeffrey Gregory, were drinking beer at Gregory's house when they decided to visit a nearby apartment complex so Daugherty could sell briskets out of his truck to Gregory's acquaintances. Daugherty testified that he drank one twenty-five-ounce beer before leaving for the apartment complex and another one before he was stopped by Warren Williamson, a trooper with the Texas Department of Public Safety. While claiming that he was not intoxicated when he drove to the apartment complex, Daugherty admitted that his blood alcohol level was above the legal limit when he left the complex. However, Daugherty maintained that he was compelled to commit the offense due to an immediate threat of imminent harm.

According to Daugherty, the unnamed purported purchasers of the briskets drew guns and demanded that he and Gregory leave half of them. Daugherty testified that he was in fear for his life and spun his tires leaving the apartment complex parking lot. Gregory also testified that three people pointed guns at them at the apartment complex and warned them to leave. Gregory testified that he and Daugherty were scared and needed to quickly remove themselves from the situation by driving away even though Daugherty was drunk.[1]

Williamson testified that he was parked at a nearby gas station when he "heard an engine rev" and saw Daugherty's vehicle take off at a high rate of speed from an apartment complex

---

[1]Gregory testified that he had consumed a couple of beers earlier that day.

parking lot. Williamson's testimony and the recording taken from his dashboard camera showed that Daugherty drove "maybe a half a mile, three quarters of a mile" before turning off the main road, and drove another "city block" through a residential neighborhood before pulling into Gregory's driveway. After he observed Daugherty fail to signal and exhibit other signs of unsafe driving, Williamson turned on his lights and siren as Daugherty was parking in Gregory's driveway.

Williamson testified that Daugherty smelled of alcohol, exhibited signs of intoxication, failed field sobriety tests, and admitted to drinking two beers. According to Williamson, when asked why he pulled out of the apartment complex parking lot so quickly, "[Daugherty] said something about somebody tried to rob him." Daugherty testified that he told Williamson they were threatened at gunpoint. Williamson did not recall Daugherty reporting that guns were involved, but testified that that scenario was possible.

Williamson obtained a warrant for the blood draw, which showed that Daugherty was intoxicated. Daugherty testified that he had twice been previously convicted of misdemeanor DWI and had another conviction for DWI, third or more. After hearing the testimony and reviewing the dash-cam footage, the jury rejected Daugherty's defense of necessity.

## II.    Standard of Review

"When we consider the legal and factual sufficiency of the evidence in dealing with 'those few instances in criminal cases in which the burden of proof is a preponderance of the evidence,'

4

such as affirmative defenses, we are to use the civil standards for legal and factual sufficiency."[2] *Afzal v. State*, 559 S.W.3d 204, 207 (Tex. App.—Texarkana 2018, pet. ref'd) (quoting *Brooks v. State*, 323 S.W.3d 893, 924 (Tex. Crim. App. 2010) (plurality op.) (Cochran, J., concurring)).

"If an appellant contends that there is no evidence to support an adverse finding on which he or she has the burden of proof, we construe the issue as a claim that the contrary was established as a matter of law." *Id.* (citing *Matlock v. State*, 392 S.W.3d 662, 669 (Tex. Crim. App. 2013) (citing the civil standard of review for legal sufficiency in *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). In *City of Keller*, the Texas Supreme Court explained,

> The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. Whether a reviewing court begins by considering all the evidence or only evidence supporting the verdict, legal-sufficiency review in the proper light must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not.

*Id.* at 827. "If we find no evidence to support the finding, we then determine whether the contrary was established as a matter of law." *Afzal*, 559 S.W.3d at 208 (citing *Matlock*, 392 S.W.3d at 669). "If there was some evidence, then the appellate court must reject the appellant's legal-sufficiency argument." *Id.* "In other words, '[o]nly if the appealing party establishes that the evidence conclusively proves his affirmative defense and "that no reasonable jury was free to think otherwise," may the reviewing court conclude that the evidence is legally insufficient to support

[2]Daugherty does not challenge the factual sufficiency of the evidence supporting the jury's rejection of his defensive issue. Rather, his brief mentions only legal sufficiency and argues that the evidence of necessity was uncontroverted.

the jury's rejection of the defendant's affirmative defense.'" *Id.* (quoting *Matlock*, 392 S.W.3d at 670) (quoting *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009)).

## III.    Legally Sufficient Evidence Supported the Jury's Rejection of Daugherty's Defense

We conclude that the jury's rejection of Daugherty's defense of necessity was supported by some evidence because it could have determined that Daugherty was no longer in imminent danger after he left the apartment complex. "'Imminent' means something that is immediate, something that is going to happen now.'" *Kelso*, 562 S.W.3d at 132 (quoting *Murkledove v. State*, 437 S.W.3d 17, 25 (Tex. App.—Fort Worth 2014, pet. dism'd, untimely filed)). "Harm is imminent when there is an emergency situation and it is 'immediately necessary' to avoid that harm, in other words, when a 'split-second decision' is required without time to consider the law." *Id.* (quoting *Murkledove*, 437 S.W.3d at 25). "As a matter of law, when criminal conduct is no longer necessary to avoid imminent harm, the necessity defense evaporates." *Tex. Dep't of Pub. Safety v. Moore*, No. 01-02-01147-CV, 2004 WL 1064781, at *3 (Tex. App.—Houston [1st Dist.] May 13, 2004, no pet.) (citing *Bush v. State*, 624 S.W.2d 377, 378 (Tex. App.—Dallas 1981, no writ)).

We assume that Daugherty faced the threat of imminent danger while he was at the apartment complex.[3]  Yet, no evidence showed that the unnamed persons who had threatened

---

[3]The State cites several cases arguing that Daugherty was not entitled to the defensive instruction because he provoked the difficulty by deciding to travel to the apartment complex after drinking twenty-five ounces of beer. *See Shafer v. State*, 919 S.W.2d 885, 887 (Tex. App.—Fort Worth 1996, pet. ref'd) ("[A] person who is responsible for having placed himself in the position from which he attempts to extricate himself by committing a criminal offense is not entitled to a charge authorizing his acquittal of that offense based upon necessity. . . . It was [defendant]'s own voluntary conduct (drinking seven or eight alcoholic drinks) that caused her to become intoxicated during the drive ... [A] person who voluntarily consumes a large quantity of alcohol before operating a motor vehicle should know that it is only a question of *when,* not *if,* the alcohol will impair his or her motor skills.") (citing *McFarland v. State*, 784

6

Daugherty or Gregory had transportation and followed them out of the parking lot. The recording of Daugherty's arrest shows that, instead of pulling over once he had exited the apartment complex, Daugherty continued to drive for some time after he had escaped the parking lot. He failed to signal after driving "maybe a half a mile, three quarters of a mile" and drove a "city block" through a residential neighborhood. In other words, because the jury could have determined that Daugherty was driving while intoxicated after the imminent threat had subsided, its rejection of Daugherty's defense was supported by legally sufficient evidence.

## IV.     Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     April 29, 2019
Date Decided:      May 22, 2019

Do Not Publish

---

S.W.2d 52, 54 (Tex. App.—Houston [1st Dist.] 1990, no pet.); *Goodin v. State*, 750 S.W.2d 857, 862 (Tex. App.—Corpus Christi 1988, pet. ref'd); *Leach v. State*, 726 S.W.2d 598, 600 (Tex. App.—Houston [14th Dist.] 1987, no pet.). There is a split of authority on this issue. *See Ray v. State*, 419 S.W.3d 467–69 (Tex. App.—Waco 2013, pet. ref'd). Because the trial court gave the requested instruction, it is not necessary for us to weigh in on the matter at this point.