Opinion issued May 13, 2004
















     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01147-CV




TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

V.

JERRY B. MOORE, Appellee




On Appeal from County Court at Law Number Two
Brazos County, Texas
Trial Court Cause No. 4674-B




O P I N I O N

          The Texas Department of Public Safety (“the DPS”) appeals an order from the
county court, affirming an administrative law judge’s decision denying the DPS’s
petition to suspend appellee Jerry Moore’s driver’s license, based upon Moore’s
necessity defense. We hold that the facts found by the administrative law judge do
not establish a necessity defense as a matter of law, and therefore reverse and remand.
Facts
          On December 30, 2001, Moore telephoned his wife, Mary Moore, and asked
that she drive to his sister’s mobile home to give him a ride home. Mary Moore
testified that upon her arrival, she saw her husband, his sister, his sister’s boyfriend,
and another couple fighting in the street. Mary Moore observed guns flashing and the
combatants using scissors as weapons. She testified that someone fired shots, and
then Moore stepped into his pickup truck and drove away. Mary Moore remained at
the scene and dialed 911.
          Shortly thereafter, Officer Caldwell, with the City of Bryan Police Department,
arrived and began to investigate. Caldwell interviewed Mary Moore. During the
interview, Caldwell noticed a blue pickup truck driving through the mobile home
park at a high rate of speed. Mary Moore informed Caldwell that her husband owned
the truck and identified him as he drove toward the police officers. Moore stopped
and stepped out of the truck. Officer Caldwell approached him and detected “a strong
odor of an alcoholic beverage.” Caldwell further observed that Moore spoke “in a
slurred speech,” had difficulty removing his driver’s license from his wallet, dropped
several papers from his wallet, and had difficulty picking them up from the ground. 
Officer Caldwell assessed Moore with various field sobriety tests. Based upon his
poor performance, Officer Caldwell arrested Moore for driving while intoxicated
(“DWI”). Moore refused to give a breath sample, but after receiving his Miranda
warnings,


 he admitted that he had consumed one pint of brandy. He denied driving
the truck.
          The DPS moved to suspend Moore’s driver’s license pursuant to the Texas
Transportation Code. An administrative law judge held a hearing on the petition and
found as follows:
On 12/31/01 a reasonable suspicion to stop Defendant existed, in that
Defendant was victim of assault and made contact with arresting officer
who saw Defendant driving F150 through mobil[e] home park at 2201
Leonard Road in Bryan, Texas, just prior to making contact.
 
On that same date, probable cause to arrest Defendant existed, in that
probable cause existed to believe that Defendant was operating a motor
vehicle in a public place while intoxicated, because in addition to the
facts in No.1: Arresting officer observed Defendant to have strong odor
of alcoholic beverage, slurred speech, difficulty picking up papers he
had dropped, and to sway, hop, and put foot down doing one leg stand.
***
Although DPS proved the elements of its case, Defendant’s affirmative
defense of necessity (Tx Penal Code §9.22) was proved. Defendant had
called his wife to come get him. As she arrived, she saw Defendant
being threatened by man with a gun, who fired the gun. Defendant
drove away but returned when police arrived and it was safe for him to
do so.
 
Based on the foregoing, the Judge concludes that the Department proved
the issues set out in Tex. Transp. Code Ann. § 524.035 or 724.042 but
that Defendant’s affirmative defense of necessity applies.

(Emphasis added). Based upon these findings and conclusions, the administrative
law judge denied the DPS’s petition. The DPS sought judicial review of that
determination pursuant to section 524.041(d) of the Texas Transportation Code in the
county court. See Tex. Transp. Code Ann. § 524.041(d) (Vernon 1999). At that
trial, the DPS contended that Moore could not rely on the defense of necessity
because police arrested him after the threat from which he fled no longer existed, and
Moore had continued to drive under the influence. Finding “that a reasonable basis
exists in the record for the application of the necessity defense by the administrative
law judge,” the county court affirmed the administrative determination.
Standard of Review
          We review administrative license suspension decisions under a substantial
evidence standard. Mireles v. Texas Dep’t of Pub. Safety, 9 S.W.3d 128, 131 (Tex.
1999). The Texas Government Code defines such a review as follows:
[A] court may not substitute its judgment for that of the state agency on
the weight of the evidence on questions committed to agency discretion,
but:
(1) may affirm the agency decision in whole or in part; and
(2) shall reverse or remand the case for further proceedings if substantial
rights of the appellant have been prejudiced because the administrative
findings, inferences, conclusions, or decisions are:
(A) in violation of a constitutional or statutory provision;
(B) in excess of the agency’s statutory authority;
(C) made through unlawful procedure;
(D) affected by other error of law;
(E) not reasonably supported by substantial evidence considering
the reliable and probative evidence in the record as a whole; or
(F) arbitrary or capricious or characterized by abuse of discretion
or clearly unwarranted exercise of discretion.

Tex. Gov’t Code Ann. § 2001.174 (Vernon 2000). We consider in this appeal
whether the administrative findings are affected by an error of law.
The Necessity Defense
          The DPS contends that no necessity justification existed at the time of Moore’s
arrest because his drive back to the scene was not in avoidance of any imminent harm
– as the administrative judge found, he “returned when police arrived and it was safe
for him to do so.” Moore responds that substantial evidence supports the
administrative determination because he reasonably believed that his conduct was
immediately necessary to avoid imminent harm.
          Necessity may justify criminal conduct if: (1) the actor reasonably believes the
conduct is immediately necessary to avoid imminent harm, (2) the desirability and
urgency of avoiding the harm clearly outweigh, according to ordinary standards of
reasonableness, the harm sought to be prevented by the law proscribing the conduct,
and (3) a legislative purpose to exclude the justification claimed for the conduct does
not otherwise plainly appear. Tex. Pen. Code Ann. § 9.22 (Vernon 2003).



          Here, we do not address the question of whether a necessity defense applies to
Moore’s conduct when he initially drove his vehicle away from the confrontation. 
See Gibbons v. State, 874 S.W.2d 164, 165 (Tex App.—Houston [14th Dist.] 1994,
no pet.) (noting that “we do not rule” on the issue of whether the necessity defense
might be a valid justification earlier in the course of events). In order to raise the
defense of necessity under these facts, however, Moore reasonably must have
believed that in order to avoid imminent harm, he had to drive his motor vehicle back
across the mobile home park to the scene of the assault. The facts found by the
administrative law judge refute such a conclusion. At the time of the arrest, Moore
continued to drive and “returned when police arrived and it was safe for him to do
so.” (Emphasis added.)
          As a matter of law, when criminal conduct is no longer necessary to avoid
imminent harm, the necessity defense evaporates. See Bush v. State, 624 S.W.2d 377,
378 (Tex. App.—Dallas 1981, no writ); Gibbons, 874 S.W.2d at 165. In Bush, the
defendant admitted to drinking scotch and water. She then argued with her husband,
who assaulted her. Bush, 624 S.W.2d at 378. She fled in her vehicle to a nearby bar
in an attempt to find a fellow employee. Unable to locate that person, she drove
toward a residence. Police arrested and charged her with DWI before she arrived. 
Id. In affirming the trial court’s denial of a necessity instruction, the court of appeals
held that “the evidence shows no facts by which [Bush] could reasonably believe that
her conduct (driving a motor vehicle on a highway), was immediately necessary to
avoid imminent harm to herself.” Id. at 379. As the defendant did in Bush, Moore
continued to drive his truck after it was immediately necessary to avoid imminent
harm. Police arrested him for driving back to the scene while intoxicated after the
threat of imminent harm had passed, and after, as the administrative law judge
expressly found, it was safe for him to do so.
          Similarly, in Gibbons, the defendant received a call from his wife in which she
threatened that if he did not drive to a motel to pick her up, she would commit
suicide. Gibbons, 874 S.W.2d at 165. Gibbons arrived at the motel, picked up his
wife and her “young lover,” intending to drive the couple home. Id. Police stopped
Gibbons and arrested him for suspicion of DWI while en route from the motel. Id. 
In rejecting the necessity defense as a matter of law, the court of appeals concluded
that “once appellant re-entered his vehicle . . . any possible justification for his
conduct evaporated. There was no imminent harm appellant sought to prevent.” See
id.
          We agree with the reasoning in Bush and Gibbons. Because the administrative
law judge determined that, at the time of his arrest, Moore drove his truck not to
avoid imminent harm, but instead to return to the scene when “it was safe for him to
do so,” we hold that, as a matter of law, the defense of necessity does not apply in this
case.
          The dissent would distinguish Bush and Gibbons on the theory that in those
cases, sufficient “time and distance and intervening acts” occurred so as to support
the conclusion that a necessity defense did not exist. But the standard set forth in the
statute is “imminent harm.” The finding that the scene was “safe” necessarily negates
any imminent harm. To extend the necessity defense any further risks another harm
– that of an intoxicated driver driving at a high rate of speed through a mobile home
park – merely so he can return to the scene, and not to avoid danger. Under the
Government Code, we must reverse when a substantial right has been prejudiced
because the administrative decision is affected by an error of law. Tex. Gov’t Code
Ann. § 2001.174 (Vernon 2000). Here, the administrative law judge erred in
applying the law to the facts as she found them.


 We therefore sustain the DPS’s
second point of error, and need not address its remaining point of error.
Conclusion
          The necessity defense lasts only as long as the actor reasonably believes
criminal conduct is necessary to avoid imminent harm. Once it became safe for
Moore to return to the scene, and he chose to do so by driving, he engaged in criminal
conduct not as a matter of necessity, but only as a matter of convenience. We reverse
and remand this case to the county court for proceedings consistent with this opinion.
 


                                                             Jane Bland
                                                             Justice

Panel consists of Justices Taft, Keyes, and Bland.

Justice Keyes, dissenting.